WALKER *v.* CITY OF DETROIT.

1. MUNICIPAL CORPORATIONS — IMPROVEMENTS — SEWERS — ASSESSMENT OF BENEFITS.

    Where the engineer's certificate shows that the assessment for sewer construction is in accordance with the resolution directing the assessment, and that the assessment is made in proportion to the benefits to the several lots described, and in accordance with the provisions of the ordinance in such case provided, the certificate is conclusive that the lots were assessed in proportion to the benefits received, as well as by area.

2. SAME — NOTICE OF CONSTRUCTION — SUFFICIENCY OF EVIDENCE.

    On a bill by a property owner to cancel a sewer assessment,

evidence considered, and *held* sufficient to show notice of
ordering construction of the sewer and proof of service of
such notice.

Appeal from Wayne; Rohnert, J.   Submitted October
21, 1904.   (Docket No. 74.)   Decided December 30, 1904.

Bill by Bryant Walker, administrator de bonis non with
the will annexed of the estate of Joseph A. Moross, de-
ceased, against the city of Detroit and another to cancel
and set aside a sewer assessment.   From a decree dis-
missing the bill, complainant appeals.   Affirmed.

*Walker & Spalding*, for complainant.

*Timothy E. Tarsney* (*John W. McGrath*, of counsel),
for defendants.

MOORE, C. J.   This suit was brought in March, 1898,
to set aside and cancel a sewer assessment on certain lots
situated in the block bounded by Woodward, Milwaukee,
and Cass avenues and the Boulevard, in Detroit, made in
1894.   The grounds were:   (*a*) The assessment was levied
on each lot in the proportion which its area bears to the
total area of all lots assessed, and that, owing to the shape
and situation of these lots and the uses to which they are
or can be put, and the fact that one had sewer connection
before, an assessment so levied is not in proportion to the
benefits; (*b*) notice of ordering construction of the sewer
was not served, and no sufficient proof of service is on file.
The case was tried in open court.   The bill of complaint
was dismissed.   The case is brought here by appeal.

A blue print is filed in the case, which shows the situa-
tion.   The Moross homestead embraced the entire block
bounded on one side by Woodward avenue, on another side
by Grand Boulevard, on the third side by Cass avenue, and
on the remaining side by Milwaukee avenue.   In 1892 the
administrator platted this block, leaving on the side next

the Boulevard a strip of land having a width of 61.27 feet, fronting on Woodward avenue, running through to Cass avenue, where it had a like frontage.    On the Woodward-avenue side were 15 lots fronting thereon running back to an alley.    On the Cass-avenue side there were a like number running to the alley.    There was left fronting on Milwaukee avenue lot 16, which had 130 feet frontage thereon and ran back 223 feet.    On the rear of the lot it had a frontage on the alley of 95 feet.    The homestead was upon this lot.    It was platted, with an alley on all sides of it except the Milwaukee side.    It has 541.54 feet frontage on the alley.    Lot 27 is immediately in the rear of lot 16.    It has no frontage on a street, but has this alley on two sides of it.    Prior to 1894 the administrator sold all of the lots in the block except lots 16 and 27.    In 1894 a sewer was built the entire length of this alley, at a cost of $877, a portion of which was paid by the city, leaving $719.79 assessed to the property abutting against the alley, of which $18.75 was assessed to lot 27, and $216.03 was assessed against lot 16, and it is of these assessments complaint is made.

(a) It is claimed by counsel for complainant the assessment was in fact made according to area.    It is argued (we quote from the brief):

"Our contention is not that a sewer assessment may not be laid in proportion to area, but that when so laid it must correspond substantially with the proportionate benefits; and that, where the charter and the resolution require the assessment to be made on the property benefited according to the benefit derived, and the ordinance requires it to be made in proportion to area, an assessment which corresponds exactly with the proportionate area of each lot is invalid, even though the assessor's certificate states that it is in proportion to benefits, the certificate also stating that it is made in accordance with the ordinance, and it appearing from the size, shape, and situation of the lot, its uses, present and prospective, and its existing sewer connection, that equal areas are not equally benefited "—citing *Warren* v. *City of Grand Haven*, 30 Mich. 24; *Thomas* v. *Gain*, 35 Mich. 155.

An examination of the cases cited will show they are not controlling in this case. A certificate was attached to the assessment roll made by the city engineer, which contained the following:

"To the Honorable the Common Council:

" I hereby certify the above assessment to be correct, and made in accordance with the resolution of your honorable body, directing said assessment to be made upon the lands or lots comprising the taxing district in said resolution, and also herein above described. I further certify that the above assessment is made in proportion to the benefits derived by the several lots or parcels of land described herein, and in accordance with the provisions of the ordinance in such case made and provided."

A fair construction of this certificate is that the engineer assessed these lots in proportion to the benefits received, as well as by area, and his certificate must be regarded as conclusive.

(b) Was there want of notice and proof of service thereof? This claim rests upon the testimony of Mr. Walker, which is not very positive. He testified that he had " no recollection whatever of any notice relative to this sewer having been served upon me at the time this sewer started;" that among his papers in connection with this estate there was no notice or reference to any notice having been served upon him.

" Q. From this fact, and from the recollection which you have just stated here, what is your belief as to whether a notice was served upon you or not? A. My best knowledge would be that there was not."

On cross-examination he says that he is administrator and trustee of a number of estates, three or four, perhaps half a dozen.

"Q. Now, if you find in the public works office an affidavit which sets forth that there was served upon you a notice of the construction of this sewer, would you say that it never had been served? A. No.

"*Q.* Then it is simply a matter of remembrance? *A.* I have no recollection of it."

He also testified:

"I do not know when I first learned of this assessment, whether I knew it before the sewer was constructed, or before the sewer contractor came around, or not. The contractor has been in and out several times in the last three or four years. I cannot tell how soon after the sewer was constructed he came in, or whether it was a year or six months. I cannot place the time at all. * * * I do not make it a practice to keep notices of assessments served upon me in connection with different estates. I very seldom put them in the files of the estate, because we generally pay them."

It should be remembered this testimony was given nine years after the sewer was built. Mrs. Oakman, a married daughter of Joseph Moross, was living on lot 16 when the sewer was built, and testified that she remembered its construction. On the part of the city a paper was put in evidence entitled, "Proof of service of lateral sewer notice." It contains a description of the alley, a description of the several lots of land ultimately included in the assessment roll, the names of the owners, a statement of upon whom served, whether owner or administrator. On the back of the paper is an affidavit, the material part of which reads:

"L. H. Beck, Jr., being duly sworn, deposes and says that he served the foregoing notices (a copy of which is hereunto attached) as herein recorded, on the dates as set forth, upon the persons herein named, and in the manner stated.

"L. H. BECK, JR.,
"Service Clerk."

Indorsed on it is the following:

"Proof of service of notice for building lateral sewer in alley in block bounded by Cass, Woodward, Boulevard, and Milwaukee avenue."

And written thereon is the following: "File, Bryant Walker, Adms. of Moross Estate." The date of the alleged service is given, and was made three days after the

council ordered the sewer and fixed the assessment district. We think there was a failure on the part of the complainant to establish this branch of his case.

The decree is affirmed, with costs.

The other Justices concurred.