## AUDITOR GENERAL *v.* O'NEILL.

1. MUNICIPAL CORPORATIONS—SEWERS—ASSESSMENT OF BENEFITS
   —INEQUALITY.

   Assessing all the lots in a block the same amount per square
   foot for construction of a sewer in a street along one side of
   the block is not an equal assessment in proportion to the ben-
   efits, though the sewer is intended, among other things, to
   take the surface water from the entire block; it being also
   intended to furnish house drainage for the lots on such street,
   and they in fact being drained into it, while none of the
   houses on the opposite side of the block can be drained into
   it.[1]

2. SAME—CERTIFICATE OF ASSESSOR—CONCLUSIVENESS.

   The certificate of the city engineer, who apportioned the bene-
   fits, that he has assessed the lots for a sewer according to
   the benefits resulting to the lots, is subject to review, where
   it conclusively appears that the apportionment does not cor-
   respond to actual benefits.

Appeal from St. Clair; Tappan, J. Submitted Janu-
ary 30, 1906. (Docket No. 55.) Decided March 13, 1906.

Petition by James B. Bradley, auditor general, against
John G. O'Neill, executor of the last will and testament
of Peter J. O'Neill, deceased, and others, for the sale of
land delinquent for taxes. From a decree for contestants,
petitioner appeals. Affirmed.

*Joseph Walsh (C. A. Wagner,* of counsel), for peti-
tioner.

*Stevens, Graham & Stevens (William T. Mitchell,* of
counsel), for contestants.

HOOKER, J. The appellees contested a tax sought to

---

[1]As to validity of frontage rule of assessment, see note to *City of
Raleigh* v. *Peace* (N. C.), 17 L. R. A. 330, and note to *Davis* v. *City
of Litchfield* (Ill.), 21 L. R. A. 563.

be enforced against them by the auditor general. They owned separate parcels of land, but their several contests, being similar, have been combined for hearing in this case. Their contest arises over a sewer assessment, and it was sustained by the circuit court, and the prayer of the bill was denied as to these items. Black river flows in a southeasterly direction. River street is north of the river, with which it runs parallel, separated from it by one tier of lots. Huron avenue runs north and south intersecting River street, and extending to the river bank where there is a bridge. Butler street runs east and west, intersecting Huron avenue, and extends westerly to Erie street, which is also the northwestern end of River street. Bounded by these four streets is a block of lots in the nature of a right-angled triangle, except that the northerly line on Butler street and the southerly line on River street are not extended to a point of intersection, leaving a short boundary on Erie street. The accompanying drawing will serve to show the relative location of the streets, sewer, lots, etc.

The contestants are owners of lots separated from River street by intervening lots, and the principal meritorious

question raised is that they are not benefited by the sewer on River street, and, even if it can be said that they are benefited in some degree, it is not the same as that of other lots. The contested tax is an assessment for a sewer on River street, all other taxes having been paid. The cost of the sewer was assessed upon the basis of square feet, at one price per foot. All of the lots in question may be, and in fact are, adequately drained into the Butler street or Huron avenue sewers, so far as house drainage is concerned, and none of them can be drained into the River street sewer, while most, if not all, of the lots fronting River street are drained into the new sewer on that street. It is claimed that this sewer was intended to take the surface water from all of this block, the surface of which descends toward River street. If this is so, it is nevertheless true that the sewer was designed to furnish, and does furnish, house drainage for the lots fronting River street, and that the surface drainage to these lots is as valuable and necessary to those lots as to contestants' lots, if not more valuable and necessary. In our opinion, it is most conclusively shown that these things are true, and that an assessment on the basis of square feet alone, is not an equal, or substantially equal, assessment, in proportion to benefits, although in the matter of surface drainage, and the public health, contestants' premises, as well as the other lots, may be benefited by the new sewer on River street.

It is said that the certificate of the city engineer, who apportioned the benefits, is conclusive of the question, and that it is not subject to review. See *Walker* v. *City of Detroit*, 138 Mich. 639. His certificate is as follows:

"I, W. W. Phelps, city engineer, do hereby certify that I have included in the annexed assessment roll all the real estate in the assessment district as fixed and determined by the common council, together with the name of each owner or occupant of each lot, tract, or parcel of land described in said roll so far as I could ascertain the same after diligent search and inquiry.

" And I further certify that I have assessed upon each description of land its just proportion of the amount directed to be raised by the common council.

" I further certify that I have apportioned the amounts assessed against each parcel of land according to the benefits resulting to each of said lots, tracts, and parcels of land and that in so doing I have taken into account the area of same.

" I further certify that I have assessed to the city of Port Huron its just proportion of the cost and expense of the construction of said sewer and the expense incident thereto in like manner as I have assessed the private property mentioned and described in said roll.

" W. W. PHELPS,<br>" City Engineer."

If the *Walker Case* is to be distinguished from this case, it must be upon the ground that in that case it was possible to say that the conditions were consistent with the apportionment of benefits made, although such assessments were identical with a computation made upon a basis of superficial area. The fact that the certificate in that case did not, and that the one in this case does, show that the superficial area was taken into consideration, is not controlling. It is demonstrable mathematically in both cases. In the present case, we think that it can be said to conclusively appear, notwithstanding the certificate to the contrary, that the apportionment does not correspond to actual benefits, and was not designed to do so. This being so, we should not say that the judgment of the assessor cannot be reviewed.

It is unnecessary to discuss other questions. See *Thomas* v. *Gain*, 35 Mich. 155.

The decree is affirmed, with costs.

MCALVAY, GRANT, OSTRANDER, and MOORE, JJ., concurred.