MARY P. FINLAYSON, *et vir*, v. TOWN OF MONTICELLO.
189 So. 21.
Division A.
Opinion Filed May 17, 1939.

*Davis & Davis* and *D. A. Finlayson,* for Appellants.

*Frank C. Pelot* and *Leroy Collins,* and *W. P. Shelley, Jr.,* for Appellee.

THOMAS, J.—This appeal is taken from an order denying a motion to dismiss the bill of complaint filed by City of Monticello seeking the foreclosure of liens for assessments against property to cover a part of the cost of improving and constructing streets and sidewalks. The liens were claimed under Chapter 9298, Laws of Florida, Acts of 1923 (Secs. 3022-3042 C. G. L. 1927).

Appellants insist that the bill is defective, hence the order erroneous, because of failure to show proportionate benefits to abutting property equal to the lien thereon; omission of allegations of the filing of plans and specifications as the law requires; and laches. We will discuss the questions presented in that order.

The Act (Section 1) authorizes any city or town to im-

prove or construct streets and sidewalks and assess all or any part of the cost "by levying and collecting special assessments on the abutting, adjoining, contiguous, *or* other specially benefited property." It is then provided that:

"Special assessments against property deemed to be benefited by local improvements, * * * shall be assessed upon the property specially benefited by the improvement in proportion to the benefits to be derived therefrom, said special benefits to be determined and prorated *according* to the *front footage* of the respective properties specially benefited by said improvement, or by such other method as the governing body of the municipality may prescribe." (Italics supplied.)

In 1925, according to the bill of complaint, the governing authority of Monticello resolved to construct certain streets and sidewalks and assess one-third of the cost against abutting property on each side of the street according to front footage. Pursuant to the resolution, an assessment roll was prepared, published and, after notice to property owners, equalized and approved. The improvements were completed more than ten years ago and the assessments were made payable in ten annual installments secured by liens on the property adjacent to the improvements. The relief asked is foreclosure of the liens to satisfy the debt due the city.

Apropos the first objection to the bill, there is an absence of information in the bill about any actual declaration by the governing body of the city that property abutting on a street or sidewalk and charged with one-third the cost of its construction would be specially benefited to a particular degree by the improvement, but this seems to be rather unimportant when all of the circumstances reflected by the record are considered. The construction was completed more than ten years ago and nearly thirteen years have

passed since the property owners were notified of the pro-
posed action of the city and the assessment roll was pub-
lished and equalized.  At this late date, and after all of
the ten yearly assessments are in arrears, defendants seek
defeat of the foreclosure because the city did not declare
that property abutting a street would benefit by a payment
in direct proportion to one-third the expense of such
pavement.

There is a distinction between the facts with which we
are dealing and those discussed in City of Ft. Myers v.
State, 95 Fla. 704, 117 South. Rep. 97, where it was at-
tempted to validate bonds to evidence an indebtedness for
money used in construction of curbs, gutters, storm sewers.
catch-basins, manholes and accessories.  The method of
assessment, so far as we can learn from the record before
us, was entirely dissimilar to the one used by the City of
Monticello.  The two kinds of improvement, streets and
a drainage system, are essentially different, as was pointed
out by Mr. Justice TERRELL, when he said:

"Assessments for the cost of a paving program can be
justified only on the basis of special and positive benefits
accruing to the lands improved, while assessments for the
cost of a storm sewer program may be justified on the basis
of direct, indirect, or incidental benefits the test being
whether or not lots and lands remote from the storm sewer
are connected with, or will drain into it.  Thomas v. Gain,
35 Mich. 156, 24 Am. Rep. 535; Auditor General v. O'Neill,
143 Mich. 343, 106 N. W. 895; Meggett v. City of Eau
Claire, 81 Wis. 326, 51 N. W. 566.  We do not hold that
instances could not arise in which the physical and other
conditions would be such that it would be fair and equitable
to assess benefits and costs for a paving program and a
storm sewer, catch-basin, manhole, and accessory program
on identical and abutting lands, as was done here, but we

do not think that this case falls in that class." 117 South Rep. text 104.

The matter was presented at a final hearing while here we have before us the bill and the motion. Adverting to Chapter 9298, *supra,* one of the methods authorized in determining special benefits is proration according to front footage. This seems eminently fair in constructing streets, although it would not necessarily be so in the construction of a drainage system where all land in a certain area might be benefited alike through some of it would be close to and some of it remote from the gutters, catch basins and accessories of the whole system.

We think this objection to the bill is not well taken.

Section 4 of Chapter 9298, *supra,* requires the City to have on file when the original resolution is adopted plans and specifications of the proposed work. It is urged that the bill is devoid of equity because of the absence of averment that this was done in this case. In view of what we have said with reference to the time which has expired, the notices defendants have received and the tardy complaint on their part, we believe this contention avails them nothing, nor can we see how such an omission in the pleading embarrasses them or prejudices any rights they may have. We do not conceive how the bill may be said to lack equity by the absence of such an allegation.

A city is not guilty of laches in waiting until the last of ten annual installments of special assessments is due before bringing suit to foreclose a lien securing all of them.

The order is affirmed.

WHITFIELD, BROWN and BUFORD, J. J., concur.

CHAPMAN, J., concurs specially.

TERRELL, C. J., dissents.

BROWN, J. (concurring).—I am inclined to the view that the court below was justified in denying the motion to dismiss in view of the holding of this Court in Sawyer v. Town of Mount Dora, 108 Fla. 456, 136 So. 563. See also Summerland, Inc., v. City of Punta Gorda, 101 Fla. 543, 134 So. 611. I do not think we are called upon to discuss what if any defenses the appellants may or can assert by way of answer to the bill, or the sufficiency thereof.

CHAPMAN, J. (concurring specially).—I agree to the conclusion reached in the opinion prepared by Mr. Justice THOMAS in the case at bar. The bill of complaint seeks to enforce a lien for improvements in the form of pavement of streets and sidewalks against the abutting property of the appellant situated in the City of Monticello, Florida. It is contended here that the costs of the special assessments are in excess of the increased value of the property by reason of the special benefits derived from the improvements.

The power to create such liens can or may have or possess the apparent authority to deprive an owner of his property without a hearing and the effect thereof is the taking of property without due process of law. If it can be shown in this case that the costs of special assessments exceed the increased value of the property by reason of the special benefits derived from the improvements, then the effect thereof is an arbitrary and unwarranted exercise of legislative power, or if it can be made to appear that there has been some action on the part of the legislative power in connection with the levy of the special assessments amounting to a denial of the equal protection of the law, then the courts are open to protect the constitutional rights of the property owner. See Atlantic Coast Line R. Co. v. Gainesville, 83 Fla. 275, 91 So. 118, 29 A. L. R. 668; Atlantic Coast Line v. City of Lakeland, 94 Fla. 347, 115 So.

669; City of Fort Myers v. State, 95 Fla. 704, 117 So. 97; Town of Gulfport, etc., v. Mendels, 127 Fla. 730, 174 So. 8.

It is the settled law that special assessments can be sustained only upon the theory that property assessed receives some special benefit from the improvement differing from the benefit that the general public enjoys. If the foundation of the right to levy special assessments does not exist, this and other defenses *supra* can or may be interposed by an answer and evidence taken in support thereof. See vol. 5, McQuillin Municipal Corporation (2nd Ed.), pages 645-6, par. 2193.