THE CITY OF TAMPA *et al.*, *Appellants*, v. R. M. PRINCE, *Appellee*.

1.   It is within the province of the Legislature to declare what is a municipal purpose; and a duly enacted statute designating a municipal purpose is subject only to the provisions and principles of organic law.

2.   Where a statute expressly authorizes a city to raise by taxation funds "necessary to maintain a public library in said city," the maintenance of such a library is a municipal purpose not excluded by organic law; and any proper action taken by the city to effectuate the designated purpose within the prescribed limits is authorized.

3.   The authority given the City of Tampa by Section 14 of Chapter 6402, Acts of 1911, to maintain a public library necessarily includes authority to establish one.

4.   Chapter 6199, Acts of 1911, a general law authorizing cities and towns to establish and maintain free public libraries and reading rooms, does not expressly or impliedly repeal the provisions of Chapter 6402, Acts of 1911, a special law, authorizing the City of Tampa to raise by taxation funds to maintain a public library in said city.

Appealed from the Circuit Court for Hillsborough County.

The facts in the case are stated in the opinion of the court.

*G. E. Mabry* and *C. C. Whitaker*, for Appellants;

*H. S. Hampton*, for Appellee.

WHITFIELD, C. J.—This appeal is from a decree enjoining the City of Tampa and its officers from contracting

to puchase a lot in the city and from incurring indebtedness for plans and specifications for a library building to be erected on the lot, and from levying a tax for the maintenance of a free public library.

The constitution provides: "The Legislature shall establish a uniform system of ————————— municipal government, which shall be applicable, except in cases where local or special laws are provided by the legislature that may be inconsistent therewith." Sec. 24, Art. III. "The legislature shall have power to establish and to abolish municipalities, to provide for their government, to prescribe their jurisdiction and powers, and to alter or amend the same at any time." Sec. 8, Art. VIII. "The legislature shall authorize the several ————— incorporated cities or towns in the State to assess and impose taxes for ————— municipal purposes, and for no other purposes." Sec. 5, Art. IX.

The statute incorporates the City of Tampa and provides that the city "may purchase, lease, receive and hold property, real and personal ————— for any public purpose that the mayor and city council may deem necessary and proper;" and authorizes the city "to raise by taxation such amount as may be necessary to maintain a public library in said city not to exceed one-fourth mill on the dollar upon the taxable property in the City of Tampa." Section 1 and 14, Chapter 6402, Acts of 1911.

It is within the province of the legislature to declare what is a municipal purpose; and a duly enacted statute designating a municipal purpose is subject only to the provisions and principles of organic law.

As the city is expressly authorized to raise by taxation funds "necessary to maintain a public library in said city," the maintenance of such a library is a municipal purpose not excluded by organic law; and any proper ac-

tion taken by the city to effectuate the designated municipal purpose within the prescribed limits is authorized. The authority given to maintain a public library necessarily includes authority to establish one.   There is nothing in the pleadings to show that the contract for the purchase of the lot will violate sections 38 and 39 of Chapter 5363, Acts of 1903, relating to the municipal authority of the city.

Chapter 6199, Acts of 1911, a general law authorizitng cities and towns to establish and maintain free public libraries and reading rooms, does not expressly repeal the above quoted provisions of Chapter 6402, Acts of 1911, a special law relating to the municipal government of the City of Tampa; and in view of the stated constitutional provisions and of the rule of construction that a general law does not repeal by implication a special law covering a portion of the same subject when an intent to repeal does not appear, Chapter 6199 does not repeal Chapter 6402.   This is particularly so since the two acts were passed at the same session of the legislature.   36 Cyc. 1086.   There is no repugnancy or inconsistency between the provisions of the two Chapters, and they may both be utilized to effectuate the legislative intent.

It being within the power of the legislature to confer upon the City of Tampa authority to levy a tax for the maintenance of a public library in said city as has been done by Chapter 6402, Acts of 1911, the policy of the statute is not to be considered by the courts.   The City may exercise the authority given in the manner and to the extent contemplated by law.

The decree is reversed.

TAYLOR, COCKRELL and HOCKER, JJ., concur.

SHACKLEFORD, J., takes no part.