B. F. HAMPTON, *Appellant,* v. CITY OF GAINESVILLE, *Appellee.*

Where a property holder without objecting to or contesting the legality thereof permits improvements to be made in sidewalks and gutters in front of his property by a municipality under an ordinance duly authorized and adopted, and pays a portion of the special assessment, he cannot because of an alleged defect in the ordinance which is not fatal to its validity, after the statutory limitation, be relieved in equity from the payment of a balance due for the work done, no equitable burden or demand being shown.

Appealed from the Circuit Court for Alachua County.

The facts in the case are stated in the opinion of the court.

*W. S. Broome,* for Appellant;

*Robt. E. Davis,* for Appellee.

WHITFIELD, C. J.—The City of Gainesville filed a bill in equity to have declared and enforced a lien upon real estate of appellant in the City of Gainesville for a balance of special assessments alleged to be due to the city as part of the cost of construction of sidewalks, curbs and gutters in front of and abutting appellant's said premises, pursuant to the charter and ordinances of the said City of Gainesville.

The appellant, defendant below, demurred to the bill of complaint, and from an order overruling the demurrer the defendant appealed.

In substance, the appellant contends that as the ordinance relative to the construction of grass plots, sidewalks and curbs and gutters states the estimated cost of the sidewalks, but contains no estimate of the cost of curbs and gutters as required by the charter, the property holder was justified in assuming that special assessments would not be levied for such purpose, and for this reason no objection was made to the ordinance when an opportunity was given. This contention is untenable. The ordinance expressly provides for the construction of sidewalks on designated streets, and also "that curb and gutter be constructed along such of said streets and of such material as may be prescribed and designated by the Board of Public Works, and the cost thereof to be paid by the owner or owners of the property fronting or abutting thereon." It further provided that upon failure of the owner to comply with the ordinance the Board of Public Works of the city shall construct or contract for the construction of sidewalks, curbs and gutters and grass plots, "and the costs of such construction and establishment to be paid by the special assessment of said

costs against the property fronting or abutting upon said sidewalks, curbs and gutters" etc.    The city charter under which the ordinance was passed provides that "any person desiring to contest in any way the validity of any such special assessment or lien shall, within thirty days after the publication of the resolution fixing the special assessment, institute suit to have the enforcement thereof enjoined or its invalidity legally declared, and no person not so instituting such suit shall thereafter be heard to question the validity thereof or to defend against the enforcement of the lein upon the grounds of its invalidity."    The failure to state in the ordinance the estimated cost of curb and gutters did not deprive the property holder of notice of the provisions that do appear in the ordinance.

Even if the failure to state in the ordinance the estimated cost of the curb and gutters as required by the city charter, may have been a ground for arresting the work when undertaken by the city, it is clearly inequitable to permit such omission to relieve the property owner who failed to construct curbs and gutters as required by the ordinance and took no steps to test the validity of the ordinance, but permitted the city to do so without an effort to prevent it.    It appears from the bill of complaint that appellant was due the city for cost of construction of sidewalks, curbs and gutters abutting said property $135.59, on which he "paid the sum of thirty-four ($34.00) dollars on October 13, 1908, and thereafter paid the sum of Fifty-three and 12-100 dollars, ($53.12) on August 25, 1909, leaving a balance now due and owing of forty-eight and 47-100 ($48.47) dollars, as part of the cost of the construction of sidewalks, curbs and gutters."    This is

admitted by the demurrer, and emphasizes the inequity of the appellant's contention.

The order appealed from is affirmed.

SHACKLEFORD, COCKRELL and HOCKER, J. J., concur.

TAYLOR, J., not participating.