VOL. 72, JUNE TERM, 1916.        61

State ex rel. West v. Grable et al.—Syllabus.

THE STATE OF FLORIDA, *ex rel.*, T. F. WEST, ATTORNEY
GENERAL, *Plaintiff in Error*, v. J. A. M. GRABLE,
*et al., Defendants in Error.*

Opinion Filed July 6, 1916.

Rehearing Denied Aug. 8, 1916.

The provisions of Chapter 6199 Acts of 1911, authorizing any city
or town to establish and maintain a public library and reading
room free for the use of its inhabitants, and providing that
the city council "shall elect Library Board to consist of five
directors," are applicable to the City of Tampa; and when
operative in such city the authority given the city council by
Chapter 6199 to elect a Library Board, prevails over the pro-
visions of the city charter acts (1) giving the mayor "power
to appoint by and with the consent of the city council, all
officers of the city who are not made elected by the charter";
(2) that the government of the city shall be carried on by
stated officers "and such other officers as may be created by
ordinance"; and (3) that the city council shall have the
power and perform all the duties imposed upon them by
laws now or hereafter in force "providing for the govern-
ment of cities and towns not inconsistent with the provisions
of this act."

Writ of Error to Circuit Court, Hillsborough County;
F. M. Robles, Judge.

Judgment affirmed.

*John P. Wall,* for Plaintiff in Error.

*C. B. Parkhill* and *C. C. Whitaker,* for Defendants
in Error.

WHITFIELD, J.—Quo warranto proceedings were brought in the name of the Attorney General to test the right of the five respondents to act as directors of the Library Board for the public library established in the City of Tampa. A demurrer to the amended information was sustained, the proceedings were dismissed and the relator took writ of error.

The question it is sought to have determined is whether the Library Board shall be elected by the city council or appointed by the mayor of the city.

Chapter 6199 Acts of 1911 provides that whenever the city or town council of any incorporated city or town in this State shall deem it advisable to establish and maintain a public library and reading room free for the use of the inhabitants of such city or town, they shall call an election to determine the matter. If the vote duly taken is in favor of establishing and maintaining such public library, the city or town council shall establish the same, and may levy a tax of not more than two mills on the dollar annualy to be levied and collected and "to be known as the 'Library Fund.'" It is further provided that when any city or town council shall have decided by ordinance to establish and maintain a public library and reading room under the act, they shall elect a Library Board to consist of five directors as stated in the act whose powers and duties are therein prescribed.

Section 7 of Chapter 5363 Acts of 1903 in amending the charter of the City of Tampa provides that the Mayor of the City of Tampa "shall have power to appoint by and with the consent of the city council, all officers of the city who are not made elective by this charter."

Section 4, Chapter 5859 Acts of 1907, amending the charter of the City of Tampa provides that "the govern-

VOL. 72, JUNE TERM, 1916.          63

State ex rel. West v. Grable et al.—Opinion of Court.

ment of said city shall be carried on by the following"
stated officers "and such other officers as may be created
by ordinance of the city not inconsistent herewith."

Section 5, Chapter 6402 Acts of 1911, amending
Section 20 of Chapter 5363, a part of the charter of the
City of Tampa provides that "in addition to the powers
herein above enumerated, the city council shall have the
power and perform all the duties imposed upon them by
the laws of Florida, now in force or which may be here-
after enacted, providing for the government of cities and
towns not inconsistent with the provisions of this Act."
Such section also provides that the city council shall have
power "to levy annually a tax not to exceed one-fourth
mill upon the assessed valuation of each year for the
maintenance of a free public library." Section 14 Chap-
ter 6402 provides that the city "shall also have the right
to raise by taxation such amounts as may be necessary
to maintain a public library in said city not to exceed
one-fourth mill on the dollar upon the taxable property
in the City of Tampa."

In City of Tampa v. Prince, 63 Fla. 387, 58 South.
Rep. 542, it was held that the tax levy authorized by
Chapter 6199 Acts of 1911, does not expressly or im-
pliedly repeal the last above quoted provision of Chap-
ter 6402 Acts of 1911; and that both the provisions au-
thorizing a tax levy may "be utilized to effectuate the
legislative intent."

In Section 8 Article VIII of the State Constitution
it is ordained that "the legislature shall have power to
establish and to abolish municipalities, to provide for their
government, to prescribe their jurisdiction and powers,
and to alter or amend the same at any time." The legis-
lative authority to "prescribe" the "jurisdiction and pow-
ers" of municipalities, "and to alter or amend the same

at any time," may be exercised by the enactment of laws that are general or local in their nature; and the effectiveness of provisions contained in general or local laws is determined by the application of appropriate rules of construction.

The provisions of Chapter 6199 Acts of 1911, authorizing any city or town to establish and maintain a public library and reading room free for the use of its inhabitants, upon an approving vote of the electors thereof and providing for "a Library Board to consist of five directors," are applicable to the City of Tampa. And if such provisions are utilized in establishing and maintaining a public library and reading room in the city, the statute expressly provides that the city council "shall elect a Library Board to consist of five directors." This express provision for the election by the city council of a Library Board is inconsistent with the provisions of Section 7, Chapter 5363, that the mayor of the City of Tampa "shall have power to appoint by and with the consent of the city council, all officers of the city who are not made elective by this charter." The provision of Chapter 6199 for the election by the city council of a Library Board is also inconsistent with the provision of Section 4, Chapter 5859, that the government of the city shall be carried on by stated officers, not including a Library Board, "and such other officers as may be created by ordinance of the city not inconsistent herewith." Likewise such provision of Chapter 6199 Acts of 1911 is inconsistent with the provision of Section 5, Chapter 6402, Acts of 1911, that "the city council shall have the power and perform all the duties imposed upon them by the laws of Florida, now in force or which may be hereafter enacted, providing for the government of cities and towns not inconsistent with the provisions of this act." The provision

VOL. 72, JUNE TERM, 1916. 65

State ex rel. West v. Grable et al.—Opinion of Court.

of Chapter 6199, that the city council shall elect a Library Board when the provisions of Chapter 6199 are utilized for the establishment and maintenance of a public library and reading room in the city, being inconsistent with the other quoted provisions, such provision of Chapter 6199 operates to supersede the effectiveness of the other provisions in so far as they are repugnant to the requirement of Chapter 6199, that the city council "shall elect a Library Board to consist of five directors."

The express power of the legislature to alter or amend the jurisdiction and powers of a city and the inconsistent provisions of the quoted portions of the statutes, necessarily produce the result that the express specific provisions of Chapter 6199, Acts of 1911, relating to a single definite subject and being applicable to all cities and towns, supersede opposing provisions of the other statutes that are applicable only to the City of Tampa but do not particularly relate to the subject covered by Chapter 6199. Chapters 6199 and 6402 were enacted at the same session of the Legislature of 1911. See City of Tampa v. Prince, *supra*.

Assuming on this proceeding that a Library Board in the City of Tampa was duly established, it appears that the members of such board were elected by the city council of the City of Tampa, as the council is required to do where the provisions of Chapter 6199 are put into operation, the judgment is affirmed.

TAYLOR, C. J. and SHACKLEFORD, COCKRELL and ELLIS, JJ. concur.