Walter B. Abell, *Appellant*, v. Town of Boynton, a Municipal Corporation, and Roy O. Myers, Harry Benson and E. L. Winchester, as Commissioners of the Town of Boynton, *Appellees.*

Division B.

Opinion Filed May 30, 1928.

*Davis & Miller,* Attorneys for Appellant;

*E. J. L'Engle, J. W. Shands* and *McCoy* and *Finch,* Attorneys for Appellees.

TERRELL, J.—This case is bottomed on the following facts: The Town of Boynton by resolution promulgated as authorized by Chapter 9298, Acts of 1923, Laws of Florida, determined to make certain street improvements, including the improvement of the Dixie Highway within

the corporate limits of the said town. The total cost of said improvement was assessed against the abutting property in proportion to benefits prorated by the front footage. Bonds of the Town of Boynton were issued in the sum of $350,-000.00 to pay for these improvements, which bonds were by decree of the Circuit Court of Palm Beach County dated January 19, 1927, confirmed and validated as provided by Section 3296 *et seq.*, Revised General Statutes of Florida.

Appellant, Walter B. Abell, owned Lot six (6) in Sam Brown, Junior's, Subdivision, of Section fifteen (15) lying one hundred forty feet (140) along the Dixie Highway in the said Town of Boynton, against which an assessment of $1,004.60 was laid as his portion of the cost of the improvement so made. Appellant did not complain of the assessment against him at the meeting which the appellees advertised and held as an equalizing board to hear complaints of property owners, nor did he intervene in the suit to validate the bonds.

On September 21st, 1927, long after the validation of the bonds and the completion of the improvements appellant filed his bill of complaint seeking to cancel the assessment against his land and to declare the bonds void. The bill of complaint prayed for a temporary restraining order which was granted and later dissolved. Appeal was taken from the decree dissolving the temporary restraining order which was treated as a decree of dismissal and the whole cause is presented here on the merits. In view of the pleadings and the contents of the decree of the chancellor appealed from, there can be no objection to the case taking this course.

Appellant contends here (1) that the Town of Boynton was created under Chapter 9818, Acts of 1921, Laws of Florida, by which its powers are defined and that it cannot therefore legally make assessments and public improve-

ments as authorized by Chapter 9298, Acts of 1923, Laws of Florida, (2) that the Town of Boynton appropriated the lands of appellant for a public street without having legally acquired the same by grant, purchase, condemnation or otherwise, thereby violating a constitutional right of appellant which was not put in repose by the decree validating the bonds, (3) under the facts in this case, could the Town of Boynton legally impose an assessment against the abutting owners for the total cost of the improvement? and (4) when may appellant be said to be estopped and to have waived his right to relief against the assessment imposed on his lands for the improvement brought in question?

In making public improvements is the Town of Boynton restricted to the provisions of its Charter act (Chapter 8918, Acts of 1921, Laws of Florida)? That the Charter act of a municipality generally defines the orbit in which it must move and execute every power and duty imposed on it cannot be questioned. Malone v. City of Quincy, 66 Fla. 52, 63 So. Rep. 922; Hill v. Memphis, 134 U. S. 198, 10 Sup. Ct. Rep. 562; Eufaula v. McNab, 67 Ala. 588, 42 Am. Rep. 118. Chapter 8918, Acts of 1921, is not by its terms exclusive while Chapter 9298, Acts of 1923, shows on its face (Section 21) that it repealed no act of like substance and that it was intended as a "supplemental, additional and alternative method of procedure for the benefit of all cities, towns and municipal corporations of the State of Florida, whether organized under special act or the general law, and shall be liberally construed to effectuate its purpose." Inspection shows the two acts to be consistent in terms and purpose, in no wise repugnant or irreconcilable and that there is a legitimate field of operation for both. By the decisions of this Court we think both must be permitted to stand. There was therefore no error in the Town of Boynton exercising its option to proceed with

the improvements and issuing bonds to pay for them under Chapter 9298, Acts of 1923. City of Tampa v. Prince, 63 Fla. 387, 58 So. 542; Sanders v. Howell, 73 Fla. 563, 74 So. 802; St. Petersburg v. Pinellas County Power Co., 87 Fla. 315, 100 So. Rep. 509.

If the Town of Boynton appropriated the lands of appellant for a public street without having legally acquired title to the same and assessed the total cost of improving the Dixie Highway, a main thoroughfare, through said town to the abutting owners, including appellant, are such matters put in repose by a decree validating its bonds pursuant to Section 3296 *et seq.*, Revised General Statutes of Florida?

It is fundamental that one's lands cannot be appropriated for a public street or other public purpose without just compensation therefor. In City of Fort Myers v. State of Florida *et al.*, decided April 14, 1928, this Court held that if a public improvement resulted in a primary benefit to the public and an incidental benefit to the property improved to require such abutting or improved property to bear the total expense of the improvement would amount to an arbitrary and unwarranted servitude which could not be imposed.

We also held in the Fort Myers case that constitutional rights or privileges which are designed solely for the protection of the property rights of the individual concerned and which he may waive or with reference to which he may estop himself or as to which the Legislature may lawfully limit the period of time within which such right or privilege may be exercised, may be 'put in repose by a decree validating the bonds pursuant to Section 3296 *et seq.*, Revised General Statutes of Florida.

To appropriate appellant's lands for a public street and assesss the cost thereof against him in the manner he

alleges was in violation of his fundamental rights which could have been defeated if moved against at the proper time. We think, however, that in both instances they were such rights as were provided solely for the protection of the property rights of appellant which he could and did waive under authority of the Fort Myers case, *supra*. Dillon Municipal Corporations (5th Ed.), Section 1041N. The authorities on this point appear to hold that all rights personal to the owner which are not jurisdictional may be waived. 168 U. S. 224. Appellant's right to compensation for lands taken for a public purpose has no relation to the amount of the assessment against him and can be determined in an independent action. France v. St. Louis, 164 Mo. 146, 64 So. Rep. 180.

The concluding question urged before us is whether or not appellant is estopped and has waived his right to relief against the assessment complained of.

The record discloses that the assessment roll was made up and published and that the town council advertised the time and place for and did sit as an equalizing board as required by Chapter 9298, Laws of Florida. Appellant was on notice that improvements would be made and that all lands including his own would be assessed and bonds issued to pay for them. The contract was awarded, the work completed, bonds were issued and validated and while appellant was on notice of all these proceedings he offered no resistance to any of them, raised no objection to the assessment against his lands or to the appropriation of the right of way across them at the time provided by law for him to do so, but months after filed his bill in this cause.

Under the law appellant could have complained of the assessment before the town council sitting as an equalizing board, he could have enjoined the letting of the contract for the improvement over his lands or he could have inter-

vened and resisted the validation of the bonds, but having failed to avail himself of any of these remedies provided for his protection the general rule is that he is estopped and cannot be heard by a judicial tribunal to assert the injustice, the invalidity or the unconstitutionality of the assessments against him. Francomb v. City & County of Denver, 252, U. S. 7, 40 Sup. Ct. Rep. 271, 64 Law Ed. 424; Milheim v. Moffat Tunnel Improvement Dist., 262 U. S. 710, 43 Sup. Ct. Rep. 694, 67 Law Ed. 1194; First National Bank of Greenley v. Board of Com'rs of Weld County, Colo., 264 U. S. 450, 44 Sup. Ct. Rep. 385, 68 Law Ed. 784; Gorham Mfg. Co. v. State Tax Commission of State of New York, 266 U. S. 265, 45 Sup. Ct. Rep. 80, 69 Law Ed. 279; Chicago, Milwaukee, St. Paul and Pacific R. R. Co. v. Risty, 72 Law Ed. ————— U. S. Supreme Court Advance Opinions, April 16, 1928, page 365; Hampton v. City of Gainesville, 64 Fla. 303, 60 So. Rep. 185; Anderson v. City of Ocala, 67 Fla. 204, 64 So. Rep. 775, 52 L. R. A. (N. S.) 287; Moore v. City of Yonkers, 235 Fed. Rep. 485, 9 A. L. R. 577; City of Bartlesville v. Holm, 40 Okla. 467, 139 Pac. Rep. 273, 9 A. L. R. 627, note 634 citing cases dealing with every phase of the loss of the right to contest an assessment for public improvements by waiver, estoppel or other cause. Lemoyne v. West Chicago Park Com'rs, 116 Ill. 41, 4 N. E. Rep. 498, 6 N. E. Rep. 48; McSheroy v. Wood, 102 Cal. 647, 36 Pac. Rep. 1010; McGregor v. Hogan, 263 U. S. 234, 44 Sup. Ct. Rep. 50, 68 Law Ed. 282. 2 Page & Jones on Taxation by Assessment, Section 927, Dillon Municipal Corporations (5th Ed.) Sections 1454, 1455 and 1457N.

In his replication appellant alleges that he filed his formal protest to the assessments against him with the commissioners of the Town of Boynton, the record however does not show when said protest was filed or that it in fact was

ever filed or considered. As against the showing made in the record the unsupported statement of the pleader cannot prevail as some of the cases point out that the lawful objections to a proposed assessment may be waived. Wight v. Davidson, 181 U. S. 371, 21 Sup. Ct. Rep. 616; 45 Law Ed. 900; Chadwick v. Kelley, 187 U. S. 540, 23 Sup. Ct. Rep. 175; 47 Law Ed. 293; Moore v. City of Yonkers, *supra*.

It is our conclusion that appellant not having availed himself of any of the remedies provided under the law of Florida for relief against the assessment imposed on him and not having shown fraud or bad faith on the part of the commission in making the assessment or any reason why the remedy provided under the law was not open to him and exercised as provided he is now estopped to do so and is precluded from attacking the assessment against him in a proceeding of this character.

Affirmed.

WHITFIELD, P. J., AND BUFORD, J., concur.

ELLIS, C. J., AND STRUM AND BROWN, J. J., concur in the opinion and judgment.