ST. CLAIR DAVANT, *Appellant,* vs. THE CITY OF BROOKS-
VILLE, *Appellee.*
144 So. 666.
Opinion filed November 22, 1932.

J. C. *Davant*, of Clearwater, for Appellant;

C. H. *Lockhart*, of Brooksville, for Appellee.

MATHEWS, Commissioner.—On December 23rd, 1930, the complainant, City of Brooksville, a municipal corporation organized by Special Act of the Legislature, being Chapter 10354, Acts of 1925, filed its bill in the Circuit Court for Hernando County, in Chancery, for the purpose of foreclosing two paving liens upon two lots abutting on Broad Street and two lots abutting on Liberty Street.

The bill sets forth the action of the City Council in authorizing the improvements and passage, pursuant to chapter 9298, Laws of Florida, of the required resolution and compliance generally with chapter 9298, Laws of Florida.

The defendant, St. Clair Davant, interposed a demurrer to the bill, and from an order overruling this demurrer, defendant Davant appealed.

Questions one to four, presented in appellant's brief, resolve themselves into the one question settled by this Court in State vs. City of Brooksville, 96 Fla. 141, 118 So. 13, holding that the charter of the City of Brooksville, known as chapter 10354, Acts of 1925, is not in conflict with chapter 9298, Acts of 1923, which provides a supplemental, additional and alternative method of procedure for the benefit of all cities, towns and municipal corporations of the State. See also Abell vs. Boynton, 95 Fla. 984, 117 So. 507; City of Lake Alfred vs. Lawless, 102 Fla. 84, 135 So. 895; and Section 3022, Compiled General Laws of Florida.

It is contended that the bill of complaint is multifarious, in that it seeks to foreclose separate liens on separate parcels of property. Under the provisions of the 1931 Chancery Act, where there is only one plaintiff and one defendant in a Chancery suit, plaintiff may join in one bill as many causes of action cognizable in equity

as he may have against the defendant. * * * And if it appears that any such causes of action cannot be conveniently disposed of together, the court may order a separate trial. Section 4902 (31) 1932 Cumulative Supp. to C. G. L. of 1927.

We have held that objection to a bill on the ground of multifariousness will not avail a defendant interested in every important phase of the litigation. Wright vs. Wright, 75 Fla. 7, 77 So. 615.

It is contended that the allegation of the bill, that the City of Brooksville has obligated itself to pay its solicitor of record a reasonable solicitor's fee in this cause as may be fixed and determined by the court, is insufficient, no specific sum being stated. These allegations are in line with the provisions of Section 3031, Compiled General Laws of 1927, providing for a reasonable solicitor's fee, to be assessed as part of the costs, and also the holding of this court in Richardson vs. South Florida Mortgage Company, 102 Fla. 313, 136 So. 393.

It is contended that the bill does not show the proper governmental authority of the City of Brooksville determined the necessity for the improvements made. There is no merit to this contention. It is quite clear from the allegations of the bill that a resolution in conformity with Section 3 of Chapter 9298, Laws of Florida, was duly passed by the governing authority of the City of Brooksville.

It is next contended that the bill is defective, in that it does not appear therefrom that the lots sought to be foreclosed against adjoin, abut, are contiguous to, or are specially benefited by the improvements made. Exhibits attached to and made a part of the bill show that the paving and improvements provided for upon Liberty and Broad Streets were in each instance to be made within the confines of certain cross or intersecting streets.

It does not appear, however, from the bill of complaint and Exhibits made a part thereof that the lots sought to be foreclosed against lie between the intersecting streets named, or that such lots adjoin, abut, are contiguous to, or are benefited by the improvements made.

This court cannot take judicial notice of the location of building lots in a city of town. Summerland vs. Punta Gorda, 101 Fla. 543, 134 So. 611.

The allegations of the bill as regards the location of the lots sought to be foreclosed against, is insufficient, and the order of the court overruling the demurrer to the bill of complaint is therefore reversed and the cause remanded, with directions to permit the complainant to amend the bill.

PER CURIAM.—The record in this cause having been considered by the court, and the foregoing opinion prepared under Chapter 14553, Acts of 1929, (Extra Session), adopted by the court as its opinion, it is considered, ordered and decreed by the court that the order of the court below overruling the demurrer to the bill of complaint, be, and the same is hereby reversed, and the cause is remanded, with directions to permit the complainant to amend the bill.

BUFORD, C.J., AND WHITFIELD, TERRELL AND DAVIS, J.J., concur.

ELLIS, J., concurs in the conclusion.

BROWN J., dissents.

ELLIS, J.—I agree that the demurrer to the bill should have been sustained. I therefore concur in the conclusion reached in this case.