JOHN WILKINS SAWYER, et al., *Appellants,* v. TOWN OF MOUNT DORA, a municipal corporation of Lake County, Florida, *Appellees.*

CHARLES L. STOKLEY, et al., *Appellants,* v. TOWN OF MOUNT DORA, a municipal corporation of Lake County, Florida, *Appellee.*

DELTS M. STOKLEY, et al., *Appellants,* v. TOWN OF MOUNT DORA, a municipal corporation, *Appellee.*

146 So. 563.

148 So. 209.

Division, A.

Opinion filed February 24, 1933.

Re-hearing denied May 16, 1933.

*Buie & Hippler,* for Appellants;

*Thomas H. Cooley,* for Appellee.

PER CURIAM.—In these three cases the Court below overruled motions to dismiss three several bills of complaint brought by the Town of Mount Dora to foreclose certain paving assessments made by the city under authority of Chapter 9298, Acts of 1923, Laws of Florida. The appeals are taken from the interlocutory orders made denying the several motions to dismiss. We have consolidated the appeals here in order to dispose of them in one opinion.

An examination of the several transcripts discloses that the decrees appealed from must be affirmed upon the authority of Davant v. City of Brooksville, 107 Fla. 292, 144 Sou. Rep. 666, where a bill of complaint, in substance similar to those here involved, was held good as against a demurrer.

Orders appealed from affirmed in each case.

DAVIS, C. J., and WHITFIELD, TERRELL and BUFORD, J. J., concur.

458

## On Re-Hearing

Davis, C. J.—In these three cases bills were filed by the complainant, Town of Mt. Dora, against the appellants, as defendants in the court below, to foreclose certain special assessments paving liens imposed by the municipality's governing authority under Chapter 9298, Acts of 1923, Laws of Florida. The Court overruled motions to dismiss (demurrers) to the bill and defendants appealed. On February 24, 1933, we affirmed the decrees, citing as our authority therefor the recent decision of this Court in Davant v. City of Brooksville, 107 Fla. 292, 144 Sou. Rep. 666. The case is now before us again on petitions for re-hearing.

One of the bills which is typical of all of them, alleges in substance the corporate character of the complainant; that by authority of Chapter 9298, Acts of 1923, as compiled in Sections 3022 to 3042, inclusive, C. G. L. 1927, the Town of Mount Dora had during the years 1925, 1926 and 1927 provided for construction, reconstruction, repair, paving, repaving, hard-surfacing and re-hard-surfacing of streets and boulevards in the town; that the payment of the cost of such improvements had been provided for by levying and collecting special assessments on the abutting, adjoining, contiguous, or other specially benefitted property is in said bill thereafter set out; that on June 15, 1925, the complaining town, through its governing authority, passed a resolution in due form, in the manner required by law, to pave and hard-surface, among other public streets of said town, Clayton Street from Robie Avenue to Third Avenue as shown by the official map of said town, and to assess the total cost of said improvement to the abutting property owners whose property was especially benefitted thereby; that pursuant to said resolution the complainant prepared its assessment roll and thereafter caused a copy of same to be published two times successively, once each week, in

a newspaper of general circulation, published in said municipality and had attached thereto a notice to all property owners interested in said assessments giving the time and place where complainants would be heard and when said assessment roll would be finally approved and confirmed by the governing autthority of Mount Dora sitting as an equalizing board; that on the 14th day of August, 1925, the date fixed in said notice, the said equalizing board met and approved said assessment roll; that said assessments therein against the abutting property of Clayton Street were approved, confirmed, assessed and levied; that among the property abutting Clayton Street, upon which a special assessment was levied on said roll, at the time of said assessment and at the time of the filing of the bill of complaint, is certain land and property in Mount Dora described as follows (here follows exact description of property); that said property adjoins and abuts Clayton Street on the south and is contiguous thereto for a front footage of 100 feet as per assessment; that the amount due the Town of Mount Dora under the aforesaid assessment lien for the pro rata share of the cost chargeable against said property is $3.75 per front foot or a total of $373.00 as principal that the amount of interest due to date was $182.02; that the total due for both principal and interest was $555.02, as secured by the special assessment lien against the described property; that defendant was then the record owner of the lands described as subject to the lien, but that his title and claim thereto was inferior, and subordinate to the special assessment lien of the complainant for local improvements as aforesaid. The allegations of the other bills are of similar import, but relate to other described properties and other named owners.

Each of the bills prayed in substance that the amount of principal, interest, solicitor's fee, costs, charges and ex-

penses, and other amounts due complainants under said special assessment liens be ascertained and be decreed to be due to the complainant and that the Court adjudicate a special assessment lien therefor against the described properties of the defendants named, and foreclose, the same to enforce payment of the amounts ascertained and decreed to be due.

Attached to each of the complainant's bills were copies of the entry of the several particular special assessments sued on showing each special assessment as it appeared of record in the special assessment book of the Town of Mount Dora, as approved, confirmed, levied and assessed.

So the question presented by the motions to dismiss the several bills is identical with that raised by a general demurrer for want of equity. The challenge thus interposed goes to the sufficiency of the complainant's pleadings to compel defendants to answer the allegations of the bills setting up the municipality's alleged right to foreclose its special assessments against the properties in said bills described.

It has been held by this Court that where the hearing is on demurrer to a bill brought by the property owner as complainant against the municipal authorities as defendants, seeking to cancel special assessments levied against complainant's property such as are here involved, that in the absence of express averments to the contrary, it is assumed that the assessment proceedings were under existing statutes relating to municipal improvements and improvement assessments, and that the proceedings were regular, and that notices called for by statute were duly and regularly given. Summerland Incorporated v. City of Punta Gorda, 101 Fla. 543, 134 Sou. Rep. 611.

In Davant v. City of Brooksville, 107 Fla. 292, 144 Sou. Rep. 666, it was again held that allegations in a bill show-

ing that a resolution in conformity with Section 3 of Chapter 9298, Acts of 1923, was duly passed by the governing authority of the city as a predicate for a special assessment made by it and sought to be foreclosed, was a sufficient allegation to show that the city's governmental authority had made the necessary determination for ordering the improvements to be made at the cost of abutting owners—a matter prerequisite to the validity of a special assessment lien with respect thereto.

While it is undoubtedly the law governing equity practice under Chapter 14658, Acts of 1931, commonly known as the 1931 Chancery Act, and was also the rule prevailing prior to the adoption of that statute, that it is incumbent upon a complainant in an equity suit to allege in his bill every fact, clearly and definitely, that is necessary to entitle him to relief, and if he omits therefrom essential facts, or states such facts therein as show that he is not entitled to relief in a court of equity, he must suffer the consequences for his so doing (Norton v. Jones, 83 Fla. 81, 90 Sou Rep. 854), yet it is likewise the rule that in suing on a special statutory cause of action such as to enforce a special assessment lien like the one here involved, only the ultimate facts showing authority to assess and the making and entry of an actual assessment under such authority, is essential to establish on behalf of the complainant in a proceeding like this, a *prima facie* case calling for an answer from the defendant showing, if he can, wherein the lien as entered of record against his property in the place and pursuant to the form required by law, is irregular, unenforceable or otherwise invalid as the basis for the pending foreclosure proceedings. See Trust Co. of Florida v. City of Tampa, 103 Fla. 628, 138 Sou. Rep. 73; Parker v. Jacksonville, 37 Fla. 342, 20 Sou. Rep. 538; City of Miami v. Miami Realty, L. & G. Co., 57 Fla. 366, 49 Sou. Rep. 55.

462

In a suit by a city or town brought under Section 3031 C. G. L., Section 10, Chapter 9298, Acts of 1923, Laws of Florida, to enforce by a bill in chancery payment of installments of special assessment liens entered for the improvement, hard-surfacing, re-hard-surfacing, paving and re-paving of any streets or sidewalks as provided in said Chapter 9298, *supra,* against the owners of the property abutting upon the street or sidewalks assessed for said improvement as a basis for the lien sued on, it is sufficient that the bill allege the resolution of the governing authority of the complainant city or town adopted under Section 3 of the Act (Section 3024 C. G. L.) together with its due publication as provided in Section 5 of the Act (Section 3025 C. G. L.) and that the lien sought to be foreclosed appears upon the city or town's assessment roll prepared, equalized, and thereafter approved and confirmed as provided by Sections 6, 7 and 8 of the Act (Sections 3027-3029 C. G. L.).

Liens shown upon a municipality's assessment roll prepared and confirmed pursuant to Section 3029 C. G. L. (Section 8, Chapter 9298) are *prima facie* legal, valid and binding liens upon the property against which assessments on said roll appear to have been made and can only be avoided by allegations specially pleaded and proved setting up the enforceability or illegality thereof. In this case, any alleged illegalities claimed respecting the liens sued on in the bill should be shown by answer. Neither bill of complaint on its face fails to make out a *prima facie* showing of a right on the part of the Town of Mount Dora to foreclose the liens sued on, so the motions to dismiss were properly denied.

Re-hearings denied. Let mandates re-issue.

ELLIS and TERRELL, J. J., concur.

WHITFIELD, P. J., and BROWN and BUFORD, J. J., concur in the opinion and judgment.