RIVERSIDE PARK CO., et al., v. CITY OF TITUSVILLE.

151 So. 382.
Division B.
Opinion Filed December 8, 1933.

*John D. Shepard,* for Appellants;
*Crofton & Wilson,* for Appellee.

PER CURIAM.—In this case the appeal is from an order overruling general and special demurrers to a bill of complaint exhibited by the City of Titusville in the Circuit Court to enforce its alleged lien created by improvement certificates issued against property upon which assessments had been levied to pay the costs of such improvements under the provisions of Chapter 9298, Acts of 1923, now appearing as Sections 3022, *et seq.,* C. G. L., 1927, in connection with Section 5 of Chapter 14434, Special Acts of 1929.

It is contended that the provisions of these Acts violate

Section 12 of the Declaration of Rights and Section 3 of Article IX of the Constitution and Section 29 of Article XVI of the Constitution of Florida, and violates Section 1 of the Fourteenth Amendment to the Federal Constitution.

The briefs in this case were filed on November 12th and November 30, 1932, respectively. Since that time this Court has had occasion often to consider the questions here presented and these questions have been determined adversely to the contention of the appellant. See Davant v. City of Brooksville, 107 Fla. 292, 144 Sou. 666; Sawyer *et al.* v. Town of Mt. Dora, 108 Fla. 456, 148 Sou. 209 and cases there cited.

The questions also, to a certain extent, are treated in the opinion of the case of Summerland, Inc., v. City of Punta Gorda, 101 Fla. 543, 134 Sou. 611.

We can see no good purpose to be served by repeating what has heretofore been said concerning the validity of the statutes involved inasmuch as Section 5 of Chapter 14434 contains nothing which should impel it to be held invalid in the light of the decisions holding the provisions of Chapter 9298, Acts of 1925, to be valid.

Therefore, the order appealed from should be affirmed and it is so ordered.

Affirmed.

DAVIS, C. J., and WHITFIELD, ELLIS, TERRELL and BUFORD, J. J., concur.

BROWN, J., not participating because of illness.