CARROLL, CHAS., Judge.
The appellees sought and obtained a decree cancelling certain assessments for local sidewalk improvements imposed by the City of North Miami Beach on the appel-lees’ property, and enjoining collection. The city appealed.
In making the sidewalk improvements, the city had proceeded under and pursuant to chapter 170, Fla.Stat., F.S.A.[1] *748 At that time the city had, but did not use, an ordinance for construction of sidewalks which contained a requirement, not found in chapter 170, for written consent of 51% of the owners of the affected abutting properties.[2] The trial judge held the city could not install the sidewalks and assess for them under chapter 170, Fla.Stat., F.S.A., but must follow the requirements of its ordinance 405, which also dealt with such projects.
The determinative question here is wheth'er chapter 170, Fla.Stat., F.S.A., was a supplemental and additional method of procedure open to the city to use. We hold that such was the purpose and effect of chapter 170, and that the chancellor was in error in holding that the city was limited, in the installation of sidewalks, to the terms and procedures prescribed in its ordinance 405.
It was argued on behalf of the appellees that the additional and alternative procedures provided for by chapter 170, Fla. Stat., F.S.A., could not be used unless the city enacted an ordinance adopting its provisions. That argument is without merit. Chapter 170 contains no such requirement. It will be noted from a reading of § 170.03, which is copied in the margin in footnote No. 1, that a municipality is authorized to proceed with public improvements as provided for in chapter 170 upon passing a resolution declaring its purpose to do so, giving the nature of the improvement, designating the streets or sidewalks to be improved, etc., the part to be paid by special assessments and providing for the imposition and collection of such assessments. That requirement was met and followed by city resolution No. 616, a copy of which appears in the record as an exhibit to the complaint. Further, it was argued by appellees that the city could not proceed to install sidewalks under chapter 170 unless it first should repeal its ordinance 405. That argument also is without merit because what it contends is that the statute should not be an additional or alternative procedure and can be used only where it is the sole provision relating to the subject. That argument conflicts directly with the legislative intent as expressed in chapter 170.
*749 There was no contention that the requirements of chapter 170 were not complied with by the city. But appellees argued it was unfair to the owners of abutting property to proceed to install sidewalks and impose the assessments under chapter 170, which did not require the city to obtain consents from the abutting owners, because ordinance 405 requires such consents. The appellant pointed out that ordinance 405 calls for written consents of 51% of the affected abutting land owners only where the sidewalks are being installed “pursuant to the provisions of this (No. 405) ordinance.” Appellees’ argument that the public knows and relies on the city ordinance is met by the answer that a state statute which is made applicable to a city is as much if not more susceptible to dissemination and notice than a city ordinance, and, moreover, that the owners of property in the city have equal notice of a provision of the city charter expressly encompassing applicable general laws of the state, which would include chapter 170.
The statute in question says it “shall be deemed to provide a supplemental, additional and alternative method of procedure for the benefit of all cities,” and that it “shall be liberally construed to effectuate its purpose.” The intent of the legislature as disclosed by the clear wording of the statute was that a city, for such improvements, could utilize its provisions, in addition to or as an alternative to other means which may be provided for by charter or ordinance, even though the latter might contain different or more exacting requirements than the former. The Supreme Court so held in determining a substantially similar question in the case of State v. City of North Miami, Fla.1954, 73 So.2d 899. This very statute, there referred to by its original designation of chapter 9298, Laws of Florida 1923, was considered by the Supreme Court in Abell v. Town of Boynton, 95 Fla. 984, 117 So. 507, where it was recognized as not repealing any other laws or charter provisions relating to such improvements, and held that the statute was intended to be additional, cumulative and alternative, and to apply to all cities. Also, in the present case the powers granted to the city in its charter included “all the powers granted municipal corporations by the Constitution and General Laws of Florida, and such powers as are incidental to the exercise of the powers granted herein and by General Laws.” Thus, not only was chapter 170 made available to all municipalities in the state as an additional and alternative process by its clearly expressed terms, but as a general law it was embraced by the charter of the City of North Miami Beach. See State ex rel. West v. Grable, 72 Fla. 61, 72 So. 460; Abell v. Town of Boynton, supra; State v. City of Brooksville, 96 Fla. 141, 118 So. 13; State v. City of North Miami, supra.
Accordingly the final decree appealed from is reversed and the cause is remanded with directions to dismiss the complaint.
Reversed.

. “170.01 Authority for providing improvements and levying and collecting special assessments against property benefited. — Any city, town or municipal corporation of this state, hereinafter referred to as the municipality, whether organized under the general law, or under special act, or having a charter adopted by vote under an enabling act, (hereinafter referred to as the governing authority) may, by its governing authority, provide for the construction, reconstruction, repair, paving, repaving, hard surfacing, re-hard surfacing, widening, guttering and draining of streets, boulevards and alleys, for grading, regrading, leveling, laying, relaying, paving, repaving, hard surfacing, and re-hará surfacing sidewalks; and may order the construction or reconstruction of sanitary sewers, storm sewers and drains, including the necessary appurtenances thereto; and may provide for the payment of all or any part of the costs of any such-improvements by levying and collecting special assessments on the abutting, ad *748 joining, contiguous or other specifically benefited property.”
“170.03 Resolution required to declare special assessment. — When the governing authority of any municipality may determine to make any public improvement authorized by § 170.01 and defray the whole or any part of the expense thereof by special assessments, said governing authority shall so declare by resolution stating the nature of the proposed improvement, designating the street or streets or sidewalks to be so improved or the location of said sanitary sewers, storm sewers and drains, and the part or portion of the expense thereof to be paid by special assessments, the manner in which said assessments shall be made, when said assessments are to be paid, what part, if any, shall be apportioned to be paid from the general improvement fund of the municipality, and said resolution shall also designate the lands upon which the special assessments shall be levied, and in describing said lands it shall be sufficient to describe them as ‘all lots and lands adjoining and contiguous or bounding and abutting upon such improvements or specially benefited thereby and further designated by the assessment plat hereinafter provided for.’ Such resolution shall also state the total estimated cost of the improvement.”
“170.21 Provisions of chapter supplemental, additional and alternative procedure. — This chapter shall not repeal any other law relating to the subject matter hereof, but shall be deemed to provide a supplemental, additional and alternative method of procedure for the benefit of all cities, towns and municipal corporations of the state, whether organized under special act or the general law, and shall be liberally construed to effectuate its purpose.”

. The city’s ordinance No. 405, in § 10(B) provided: “No project for the installation of sidewalks shall be undertaken pursuant to the provisions of this ordinance unless 51% of the owners of affected abutting property consent in writing thereto by appending their signatures to a petition in the form attached thereto as Exhibit ‘B’, which petition when so executed shall have been filed with the City Clerk. * * * ”